# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LISA L. TRESSLAR

### DEFENDANTS
The Northampton County Court of Common Pleas -and- Northampton County, Pennsylvania

**(b)** County of Residence of First Listed Plaintiff: **Northampton County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Northampton County**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire - Sidney L. Gold & Assoc., P.C.
1835 Market St., Ste. 515, Phila, PA 19103  215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII & ADEA

Brief description of cause:
EMPLOYMENT DISCRIMINATION MATTER

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: Apr 5, 2024

SIGNATURE OF ATTORNEY OF RECORD: /S/ SIDNEY L. GOLD, ESQUIRE  #21374  ATTORNEY FOR PLAINTIFF

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 80A County Line Road East, Easton, Pennsylvania 18042

Address of Defendant: 669 Washington Street, Easton, Pennsylvania 18042.

Place of Accident, Incident or Transaction: 669 Washington Street, Easton, Pennsylvania 18042.

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/05/2024        /s/ Sidney L. Gold, Esq.        21374
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, SIDNEY L. GOLD, ESQUIRE, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 04/05/2024        /s/ Sidney L. Gold, Esq.        21374
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Lisa L. Tresslar | : | CIVIL ACTION |
| v. | : | |
| The Northampton County Court of Common Pleas & Northampton Cty, PA | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (☑)


| 04/05/2024 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LISA L. TRESSLAR** | : | |
| **Plaintiff** | : | |
| v. | : | |
| **THE NORTHAMPTON COUNTY COURT OF COMMON PLEAS** | : | **CIVIL ACTION NO.:** |
| and | : | |
| **NORTHAMPTON COUNTY, PENNSYLVANIA** | : | **JURY TRIAL DEMANDED** |
| **Defendants** | : | |

## CIVIL ACTION COMPLAINT

**I.    PRELIMINARY STATEMENT**

1. This is an action for an award of damages, attorneys' fees, injunctive relief, and other relief on behalf of Plaintiff Lisa L. Tresslar ("Plaintiff"), against the Northampton County Court of Common Pleas ("Defendant Court") and Northampton County, Pennsylvania ("Defendant County") (collectively, "the Defendants"), who has been harmed by the Defendants' unlawful actions as set forth herein.

2. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA").

## II. JURISDICTION AND VENUE

3. The original jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiff's claims are substantively based on Title VII and the ADEA, and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

4. All conditions precedent to the institution of this suit have been fulfilled, and Plaintiff has satisfied all other jurisdictional prerequisites to the maintenance of this action. On January 8, 2024, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission, and this action has been filed within ninety (90) days of receipt of said notice.

## III. PARTIES

5. Plaintiff is an adult woman (DOB: 10/09/1960) and citizen of the Commonwealth of Pennsylvania, residing at 80A County Line Road East, Easton, Pennsylvania 18042.

6. Defendant Court is a trial court of general jurisdiction of the Third Judicial District of the Commonwealth of Pennsylvania and maintains a place of operation at 669 Washington Street, Easton, Pennsylvania 18042.

7. Defendant County is a designated governmental unit of the Commonwealth of Pennsylvania and maintains a place of operation at 669 Washington Street, Easton, Pennsylvania 18042.

8. At all times material herein, Defendants acted through their agents, servants, and employees, who acted within the course and scope of their authority and employment and under the direct control of Defendants.

9. At all times material herein, Defendant Court has been a "person" and "employer" as defined by Title VII and the ADEA and has been, and is, subject to the provisions of each said Act.

10. At all times material herein, Defendant County has been a "person" and "employer" as defined by Title VII and the ADEA and has been, and is, subject to the provisions of each said Act.

## IV.   STATEMENT OF FACTS

11. Plaintiff is a sixty-three (63) year old female attorney with a distinguished record in the legal field. Plaintiff earned her undergraduate degree from Harvard University in 1984 and her law degree from Harvard Law School in 1987. Plaintiff served as a law clerk to the Honorable Amalya L. Kearse of the United States Court of Appeals for the Second Circuit in New York from 1987 to 1988 and to the Honorable Michael J. Koury, Jr. of Defendant Court from 2012 to 2014. In her years of private law practice in New York and Pennsylvania from 1988 to 2012, Plaintiff practiced in the field of commercial litigation, including securities, antitrust, white collar criminal defense, professional malpractice, corporate governance, and complex class action litigation.

12. On or about October 1, 2014, Defendant Court hired Plaintiff as the Court's first full-time Child Custody Master and made her responsible for designing and implementing administrative procedures for the custody court.

13. Plaintiff served in this role until October 14, 2023, the date of her constructive termination.

14. During Plaintiff's tenure as Custody Master, she streamlined the Court's procedures for processing child custody petitions and resolving child custody disputes. Said changes reduced the number of custody petitions filed, increased the number of custody cases settled, and improved the overall efficiency of the custody court.

15. Throughout Plaintiff's tenure as Custody Master, she received consistently positive performance reviews except from those agents, servants, and employees of Defendants who were motivated by discriminatory and retaliatory animus as detailed herein.

16. Beginning in June 2018, Judge Jennifer R. Sletvold (approximate age 40s), Judge Paula A. Roscioli (approximate age 50s), and Court Administrator J. Jermaine Greene, Sr. (approximate age 50), repeatedly made false statements to the other judges about Plaintiff's job performance, professionalism, and integrity. They repeatedly requested that Plaintiff's job responsibilities be limited in ways that would reduce her value to the Court.  Judge Sletvold specifically requested that Plaintiff be fired. These three individuals did not direct such behavior toward similarly situated younger male employees. These three individuals' attacks on Plaintiff were demonstrably motivated by discriminatory animus based on Plaintiff's age and sex.

17. In March 2022, Judges Sletvold and Roscioli and Court Administrator Greene proposed adoption of new administrative procedures for the Court's Custody Division that specifically targeted Plaintiff. The proposed changes significantly

4

diminished Plaintiff's role by restricting judges' access to her and imposing overly burdensome restrictions on her ability to settle custody cases and assist judges in conducting their custody hearings and trials.

18. Tresslar vociferously opposed these changes. In January 2023, after several months of review and discussion, the Family Law Committee of the Northampton County Bar Association unanimously voted to oppose adoption of the proposed changes.

19. In May 2023, Judge Craig A. Dally became President Judge of Defendant Court. In this capacity, Judge Dally became Plaintiff's supervisor and assumed final authority over the terms and conditions of Plaintiff's employment.

20. On July 6, 2023, two months after Judge Dally was elevated to President Judge of the Court, he promulgated new custody procedures adopting the changes that had been proposed by Judges Sletvold and Roscioli and Court Administrator Greene.

21. On July 14, 2023, one week after promulgation of the new custody procedures, Plaintiff sent President Judge Dally an email reasserting her opposition to the new procedures and detailing the detrimental effect of the new procedures on Plaintiff's ability to perform her job. Plaintiff's email stated: "The people who proposed these new procedures were, and are, demonstrably motivated by age and sex discrimination. They have certainly created a hostile work environment, not only for me but also for other women in the courthouse."

22. President Judge Dally moved forward with implementation of the new, discriminatory custody procedures. He made no response to Plaintiff's complaint of unlawful age and sex discrimination in the workplace.

5

23. Immediately after Plaintiff sent her July 14, 2023 email to President Judge Dally, in retaliation against Plaintiff for alleging unlawful age and sex discrimination in the workplace, Defendants undertook to obliterate Plaintiff's role and standing as Custody Master.

24. President Judge Dally immediately delegated his supervisory power over Plaintiff and the Custody Office to Court Administrator Greene, who was not an attorney, thereby elevating Greene to the position of Plaintiff's supervisor.

25. With President Judge Dally's knowledge and approval, as further discrimination and retaliation against Plaintiff, Court Administrator Greene immediately subordinated Plaintiff to part-time custody master Roseann Joseph, who had been hired only two months earlier in May 2023.

26. With President Judge Dally's knowledge and approval, as further discrimination and retaliation against Plaintiff, Court Administrator Greene immediately diminished Plaintiff's role by systematically reorganizing her caseload, assigning her a greater percentage of the cases involving unrepresented parties and assigning part-time custody master Joseph a greater percentage of the cases involving attorneys.

27. With President Judge Dally's knowledge and approval, as further discrimination and retaliation against Plaintiff, Court Administrator Greene directed the two administrative assistants in the Custody Office, Susan Stametz and Lauren Haas, to prioritize part-time custody master Joseph's work over Plaintiff's work, allowing Joseph to monopolize the assistants' time and forcing Plaintiff to perform the majority of her own clerical work herself. These directives forced Plaintiff to stop performing some of

her most important administrative tasks altogether. Through these directives, Court Administrator Greene effectively demoted Plaintiff from the role of an attorney to the role of a largely clerical employee.

28. With President Judge Dally's knowledge and approval, as further discrimination and retaliation against Plaintiff, Court Administrator Greene restricted Plaintiff's case-management prerogatives. Specifically, Greene allowed the part-time custody master to take unlimited time to conduct her custody conferences and settle her cases. By contrast, Greene directed Plaintiff to halt each of her custody conferences at the end of its allotted one-hour time slot, whether the case had settled or not, and if the case had not settled, abandon her efforts and list the matter for trial. Greene further directed Plaintiff that if a judge contacted her for assistance during a custody conference, she was to refuse the judge's request and advise the judge that she was not permitted to deviate from her predetermined conference schedule. Through these directives, Court Administrator Greene slashed Plaintiff's discretion, erected significant obstacles to her fulfilling her job duties, tarnished her reputation among attorneys and judges, and ultimately constructively terminated her employment.

29. On September 12, 2023, with President Judge Dally's knowledge and approval, as further discrimination and retaliation against Plaintiff, Court Administrator Greene fired the Custody Office's most valuable administrative assistant, Susan Stametz, abandoning many of the critical administrative functions Stametz had performed and erecting further obstacles to Plaintiff's ability to perform her job.

7

30. On October 11, 2023, Judge John M. Morganelli, Administrative Judge of the Custody Division, advised President Judge Dally that the Custody Division had descended into chaos under Greene's leadership. After evaluating the foregoing measures Greene had taken against Plaintiff, President Judge Dally and Judge Morganelli jointly decided to remove Greene's authority over the Custody Office and restore Plaintiff to the former scope of her role.

31. Following this meeting, on the same date, Judge Morganelli memorialized the above decision in an email to Plaintiff, stating, "Effective immediately, with approval of the [President Judge], you shall be charged with the scheduling of all of the custody conferences and assigning them to either yourself or [the recently-hired part-time custody master]. Court Administration will no longer be involved in the day-to-day operations of the custody division."

32. On the following morning, October 12, 2023, Judge Morganelli notified Plaintiff that Greene had registered a complaint with the Administrative Office of the Pennsylvania Courts ("AOPC") and that, as a result, President Judge Dally had reversed course and had decided not to remove Greene's authority over Plaintiff and the Custody Office.

33. Later on the same date, Judge Morganelli sent President Judge Dally a written memorandum of resignation from his position as Administrative Judge of the Custody Division. In his memorandum of resignation, Judge Morganelli stated that President Judge Dally's decision to place Greene in charge of the Custody Office had

8

made it impossible for Judge Morganelli to perform his job as Administrative Judge of the Custody Division.

34. Two days later, on October 14, 2023, as a result of the intolerable working conditions created by Defendants' discriminatory and retaliatory measures against Plaintiff, Plaintiff's employment was constructively terminated.

**Count I**
**(Title VII – Sex Discrimination)**
**Plaintiff v. Defendants**

35. Plaintiff hereby incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36. The actions of the Defendants, though their agents, servants, and employees, in discriminating against Plaintiff on the basis of her sex, constituted a violation of Title VII.

37. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of Title VII, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus of future earning power, plus back pay, and front pay and interest due thereon.

38. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of Title VII, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## Count II
### (Title VII – Retaliation)
### Plaintiff v. Defendants

39. Plaintiff hereby incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40. The actions of the Defendants, through their agents, servants, and employees, in retaliating against Plaintiff for opposing unlawful sex discrimination in the workplace, constituted a violation of Title VII.

41. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendants in violation of Title VII, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

42. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendants in violation of Title VII, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## Count III
### (ADEA – Age Discrimination)
### Plaintiff v. Defendants

43. Plaintiff hereby incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

44. The actions of the Defendants, through their agents, servants, and employees, in subjecting Plaintiff to discrimination on the basis of her age and in

knowing or showing reckless disregard for whether their conduct was prohibited by statute, constituted willful violations of the ADEA.

45. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the ADEA, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

## Count IV
### (ADEA – Retaliation)
### Plaintiff v. Defendants

46. Plaintiff hereby incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

47. The actions of the Defendants, through their agents, servants, and employees, in retaliating against Plaintiff for opposing unlawful age discrimination in the workplace, constituted a violation of the ADEA.

48. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendants in violation of the ADEA, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

49. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendants in violation of ADEA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## **PRAYER FOR RELIEF**

50. Plaintiff incorporates by reference paragraphs 1 through 49 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against the Defendants, and Order that:

a. Defendants compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination and retaliation;

b. Defendants compensate Plaintiff with an award of front pay, if appropriate;

c. Defendants pay to Plaintiff punitive damages, liquidated damages, and compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

d. Defendants pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

                                **THE GOLD LAW FIRM, P.C.**

                                */s/Sidney L. Gold, Esquire*
By:  _____
       SIDNEY L. GOLD, ESQUIRE
       I.D. No.: 21374
       1835 Market Street, Suite 515
       Philadelphia, PA 19103
       (215) 569-1999
       sgold@discrimlaw.net

       */s/Robert E. Goldman, Esquire*
       _____
       ROBERT E. GOLDMAN, ESQUIRE
       I.D. No.: 25340
       68 E. Court Street
       Doylestown, PA 18901
       (610) 841-3876
       reg@bobgoldmanlaw.com

       Attorneys for Plaintiff

Date:  April 5, 2024