IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LISA L. TRESSLAR**,<br>          Plaintiff,<br><br>          v.<br><br>**THE NORTHAMPTON COUNTY COURT OF COMMON PLEAS**, *et al.*,<br>          Defendants. | Civil No. 5:24-cv-01435-JMG |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                                                       **October 18, 2024**

## I.  INTRODUCTION

Plaintiff Lisa Tresslar was employed by the Northampton County Court of Common Pleas from 2014 until 2023 as a Child Custody Master. She alleges that she suffered sex discrimination and retaliation at the hands of her employer and supervisors, and because of this she had no choice but to resign from her position. She has filed an Amended Complaint alleging (1) sex discrimination in violation of Title VII; (2) retaliation in violation of Title VII; (3) First Amendment Retaliation; and (4) a violation of the Equal Protection Clause. Defendants move to dismiss each of Plaintiff's claims. For the reasons set forth in this opinion, the Court will dismiss her claims alleging discrimination for failure to state a claim, but the Court will allow her retaliation claims to proceed.

## II.  FACTUAL BACKGROUND

Plaintiff is an attorney who served as a Custody Master for the Northampton Court of Common Pleas (the "Defendant Court") from 2014 until 2023. *See* Amend. Compl. ¶¶ 15-16, 18.

Plaintiff was hired as "the Court's first full-time Child Custody Master and made her responsible for designing and implementing administrative procedures for the custody court." *Id.* at ¶ 16. Plaintiff resigned from her position on October 14, 2023, and she alleges that she was constructively terminated. *Id.* at ¶ 18. At the center of Plaintiff's dispute is the aftermath of the Defendant Court's changes to its custody procedures.

In 2021, the Defendant Court began the process of changing its child custody procedures. Plaintiff alleges that J. Jerimiah Greene ("Defendant Greene"), the Court Administrator, informed the Administrative Judge of the Custody Division that the court had received proposed changes to the court's custody provision from the Northampton Bar Association. *Id.* at ¶ 27. The Northampton Bar Association later denied this and stated that the changes had come from someone at the Defendant Court. *Id.* at ¶ 28.

In March of 2022, Plaintiff alleges that Judge Jennifer Sletvold ("Defendant Sletvold"), Judge Paula Roscioli ("Judge Roscioli"), and Defendant Greene proposed the adoption of new administrative procedures for the Defendant Court's Child Custody Division. *Id.* at ¶ 31. Plaintiff opposed these changes, and claims that the changes diminished her role in the child custody process. *Id.* at ¶¶ 31, 33. In June of 2022, Plaintiff allegedly sent a memorandum opposing the proposed changes to the Administrative Judge of the Custody Division and the then-President Judge of the Defendant Court. *Id.* at ¶ 35.

Next, Plaintiff alleges that in early 2023, she attended a meeting of the Northampton County Bar Association's Family Law Committee to speak out against the proposed changes. *Id.* at ¶ 36. At this committee meeting she spoke about particular cases where she had concerns with the way Defendants Sletvold and Roscioli handled custody cases and what the proposed changes would mean for the way the court handles its custody disputes moving forward. *Id.* at ¶¶ 38-40.

Plaintiff alleges that all named Defendants were aware of her comments to the committee. *Id.* at ¶ 41. Beyond the Committee, Plaintiff alleges she also voiced concerns regarding the proposed policy to practitioners. *See id.* at ¶ 44. She also claims she raised concerns about the way Defendants Sletvold and Roscioli and the Defendant Court handled custody cases to both practitioners and litigants, *id.* at ¶¶ 44, 46, and to the Pennsylvania Judicial Conduct Board. *Id.* at ¶ 45. Ultimately, the Family Law Committee voted to oppose the changes to the policy, and the court subsequently did not adopt the proposed changes. *Id.* at ¶¶ 42-43.

In May of 2023, Judge Craig Dally ("Defendant Dally") became President Judge of Defendant Court. *Id.* at ¶ 48. Two months later, he adopted the proposed changes to the Defendant Court's custody procedures. *Id.* at ¶ 49. A week after the changes were issued, Plaintiff alleges that she sent Defendant Dally an email speaking out against the change and complained that she had suffered sex discrimination. *Id.* at ¶ 50. Plaintiff alleges Defendant Dally never responded to this email. *Id.* at ¶ 51.

Plaintiff's Amended Complaint pleads a series of allegedly retaliatory changes to her role following her email to Defendant Dally. First, Defendant Dally shifted his supervisory power over Plaintiff to Defendant Greene. *Id.* at ¶ 53. Next, Defendant Greene subordinated Plaintiff to work under a part-time custody master. *Id.* at ¶ 54. Defendant Greene allegedly gave Plaintiff a greater number of cases involving unrepresented litigants and restricted her access to administrative staff. *Id.* at ¶¶ 55-56. Further, Plaintiff alleges that she was restricted in her ability to manage cases and facilitate settlement between litigants. *Id.* at ¶ 57. Plaintiff alleges that this changed on October 11, 2023, when Defendant Dally and the Administrative Judge of the Custody Division removed Defendant Greene's authority over the Custody Division and restored Plaintiff's job to as it was before Defendant Greene had taken over. *Id.* at ¶ 59. However, Defendant Dally allegedly reversed

this decision a day later when Defendant Greene registered a complaint with the Administrative Office of Pennsylvania Courts. *Id.* at ¶ 61. Plaintiff alleges that she was constructively discharged, and she tendered her resignation on October 14, 2022. *Id.* at ¶ 63.

Plaintiff commenced this action on April 5, 2024. *See* ECF No. 1. She filed her Amended Complaint on June 27, 2024. *See* ECF No. 18. Defendants filed a Motion to Dismiss for Failure to State a Claim on September 3, 2024. *See* ECF No. 29. Plaintiff responded in opposition on October 7, 2024. *See* ECF No. 34.

### III. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 F. App'x. 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

### IV. DISCUSSION AND ANALYSIS

#### a. Count I: 42 U.S.C. § 2000e-2(a)(1) - Sex Discrimination

First, Plaintiff brings a sex discrimination claim against Defendant Northampton Court of

4

Common Pleas.[1] Title VII of the Civil Rights Act makes it unlawful "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). A prima facie case of sex discrimination is established by showing: (1) the plaintiff belongs to a protected class; (2) the plaintiff was qualified for the position; (3) the plaintiff was subjected to an adverse employment action; and (4) the adverse employment action was under circumstances giving rise to an inference of discrimination. *See Shahin v. Delaware*, 531 F. App'x. 197, 199 (3d Cir. 2013) (citing *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003)). Though, at this stage, "a complaint need not establish a prima facie case in order to survive a motion to dismiss . . . Instead of requiring a prima facie case, the [ ] pleading standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788-89 (3d Cir. 2016).

Plaintiff has failed to allege sufficient facts that give rise to an inference of sex discrimination that would establish "a right to relief above the speculative level." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). An inference of discrimination can be "supported in a number of ways, including, but not limited to, comparator evidence, evidence of similar [sex] discrimination of other employees, or direct evidence of discrimination from statements or actions by her supervisors suggesting [ ] animus [based on her sex]." *Golod v. Bank of Am. Corp.*, 403 F. App'x. 699, 702 n.2 (3d Cir. 2010). Plaintiff's allegation is not supported by sufficient facts. In her briefing, Plaintiff attempts

---

[1] Plaintiff originally named Northampton County as a Defendant on Counts I and II, however Plaintiff has since voluntarily dismissed Northampton County from this action. *See* ECF No. 27.

to point to specific allegations pled in her Amended Complaint that give rise to this inference. *See* Pl's Resp. in Opp., ECF No. 34 at 15-16. Even when reading these paragraphs in the light most favorable to Plaintiff, these facts fail to sufficiently demonstrate that she was discriminated against because of her sex.

In perhaps what is Plaintiff's most helpful allegation, she provides a vague level of comparator evidence: "These three individuals did not direct such behavior toward similarly situated male employees. It became apparent that their attacks on Plaintiff were demonstrably motivated by discriminatory animus based on Plaintiff's sex…" Amend. Compl. at ¶ 21. This general, conclusory statement, without more, is not enough. "[Plaintiff's] allegations of discrimination are entirely conclusory, and conclusory allegations are not sufficient to survive a motion to dismiss." *Shahid v. Borough of Darby*, 666 F. App'x. 221, 223 (3d Cir. 2016). Count I of Plaintiff's Amended Complaint is dismissed without prejudice.

    **b. Count II: 42 U.S.C. § 2000e-3(a) – Retaliation**

Next, Plaintiff brings a Title VII retaliation claim against Defendant Northampton Court of Common Pleas. 42 U.S.C. § 2000e-3(a) makes it "an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." A plaintiff can allege a prima facie case of Title VII retaliation by showing: "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006). "An employee engages in protected activity by complaining to his or her employer

about conduct that is prohibited by Title VII." *Ellingsworth v. Hartford Fire Ins. Co.*, 247 F. Supp. 3d 546, 555 (E.D. Pa. 2017) (citing *Connelly*, 809 F.3d 780, 792 (3d Cir. 2016)).

At this early stage, Plaintiff has alleged enough for this claim to survive Defendants' Motion to Dismiss. Plaintiff alleges that after she had sent an email to Defendant Dally complaining of sex discrimination, Defendant took adverse employment actions against her. *See* Amend. Compl. at ¶¶ 50, 52. Generally, internal complaints of discrimination are protected by Title VII. *See Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 288 (3d Cir. 2001) ("[T]he complaints to [defendant], whether oral or written, formal or informal, are sufficient to satisfy the first prong of the prima facie case, provided the complaints expressed [plaintiff's] opposition to a protected activity under Title VII.").

After she sent the email, she alleges that her position was subordinated under a part-time custody master. *See* Amend. Compl. at ¶ 54. She alleges that she was assigned more cases with unrepresented parties, *id.* at ¶ 55, she was deprived of administrative support, *id.* at ¶ 56, and she was restricted in her ability to manage her cases and facilitate settlement between parties. *Id.* at ¶ 57. The temporal proximity between these changes and the complaint may serve to "provide[ ] an evidentiary basis from which an inference [of causation] can be drawn." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000). Defendants' Motion to Dismiss this claim is denied, and this claim may proceed to discovery.

### c.   Count III: 42 U.S.C. § 1983 – First Amendment Retaliation

Plaintiff also alleges a claim of First Amendment retaliation by Defendants Sletvold, Roscioli, Greene, and Dally in violation of 42 U.S.C. § 1983. A plaintiff must show the following elements: "(1) [s]he engaged in constitutionally protected conduct, (2) the defendant engaged in retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional

rights, and (3) a causal link existed between the constitutionally protected conduct and the retaliatory action." *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019). In determining whether a public employee's speech is protected, "the Supreme Court has demanded that 'we arrive at a balance between the interests of the employee, as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'" *Id.* (quoting *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968)). The Court is to "undertake a three-prong inquiry: (1) whether the employee spoke as a citizen; (2) whether the statement involved a matter of public concern; and (3) whether the government employer nevertheless has an adequate justification for treating the employee differently from any other member of the general public based on its needs as an employer." *Id.*

At this stage in the litigation, Plaintiff has alleged sufficient facts to allow her claim to proceed against Defendants Dally and Greene. Plaintiff alleges that she spoke in her capacity as a private citizen to the Family Law Committee of the Northampton Bar Association about her concerns about the custody procedures proposed by Defendants Sletvold, Roscioli, and Greene. *See* Amend. Compl. at ¶¶ 36-40. She also cited specific cases where she was concerned with Defendants Sletvold and Roscioli's handling of custody matters. *See id.* at ¶¶ 38-39. Beyond this speech, she alleged that she spoke with an investigator for the Pennsylvania Judicial Conduct Board, *see id.* at ¶ 45, and with several practitioners. *See id.* at ¶¶ 44, 46.

After she spoke out on these matters, she alleges that she faced retaliation. She alleges that Defendants Greene and Dally restructured her position, so that she was subordinate to a part-time custody master. *See id.* at ¶ 54. Also, she was assigned more cases with unrepresented parties, *id.* at ¶ 55, she was deprived of administrative support, *id.* at ¶ 56, and she was sharply restricted in

her ability to manage and settle cases. *Id.* at ¶ 57. The Court finds that Plaintiff has pled sufficient facts to allege a § 1983 claim against Defendants Greene and Dally. However, Plaintiff's Amended Complaint fails to specify any allegedly retaliatory actions taken by Defendants Roscioli or Sletvold. Accordingly, the Defendants' Motion to Dismiss Count III against Defendants Dally and Greene is denied, but it is granted as to Defendants Roscioli and Sletvold.

### d. Count IV: 42 U.S.C. § 1983 – Violation of the Equal Protection Clause

Finally, Plaintiff alleges a violation of the Equal Protection Clause under 42 U.S.C. § 1983 by Defendants Sletvold, Roscioli, Greene, and Dally. To show a prima facie violation of the Equal Protection Clause, a plaintiff must allege "that [s]he was: (1) a member of a protected class; (2) similarly situated to members of an unprotected class; and (3) treated differently from members of the unprotected class." *Green v. Chester Upland Sch. Dist.*, 89 F. Supp. 3d 682, 693 (E.D. Pa. 2015) (citing *Oliveira v. Twp. of Irvington*, 41 F. App'x. 555, 559 (3d Cir. 2002)).

Plaintiff has failed to sufficiently allege a violation of the Equal Protection Clause. The analysis of this claim tracks the analysis of the Court's dismissal of Plaintiff's Title VII. Plaintiff has provided merely conclusory allegations of discrimination and vague, non-specific comparator evidence. Neither of these suffice to support a claim for a violation of the Equal Protection Clause in violation of 42 U.S.C. § 1983. *See Reed v. Chambersburg Sch. Dist.*, 951 F. Supp. 2d 706, 716 (M.D. Pa. 2013) ("In alleging the existence of individuals outside the protected class, a plaintiff cannot use allegations that amount to nothing more than conclusory, boilerplate language to show that he may be entitled to relief; instead, the plaintiff must identify individuals outside of his or her protected class who received differential treatment." (cleaned up)). Accordingly, Count IV of Plaintiff's Amended Complaint is dismissed without prejudice.

## V.     CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss (ECF No. 29) is **GRANTED IN PART** and **DENIED IN PART.** An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge
