IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LISA L. TRESSLAR** : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 5:24-cv-01435-JMG |
| : | |
| **THE NORTHAMPTON COUNTY** : | |
| **COURT OF COMMON PLEAS**, *et al.*, : | |
| Defendants. : | |

**ORDER**

**AND NOW**, this 17th day of March, 2025, upon consideration of Michael K. Madigan's Motion to Intervene (ECF No. 47), Plaintiff's Response in Opposition (ECF No. 52), and Mr. Madigan's Reply Brief in Support of his Motion to Intervene (ECF No. 53), **IT IS HEREBY ORDERED** that the Motion to Intervene (ECF No. 47) is **DENIED**.[1]

---

[1] Plaintiff Lisa Tresslar filed the operative Amended Complaint (ECF No. 18) on June 27, 2024. This Court granted Defendants' Motion to Dismiss in part and denied it in part, *see* ECF Nos. 39 & 40, allowing some of Plaintiff's claims to proceed to discovery. The Court issued a Scheduling Order, *see* ECF No. 45, on November 25, 2024, and this case is currently in the midst of discovery. Discovery is currently due to close on April 18, 2025. This is an employment case. Plaintiff is proceeding on Title VII and First Amendment retaliation claims against her former employer, the Northampton County Court of Common Pleas and its officers, J. Jermaine Greene and Judge Craig A. Dally (collectively "Defendants").

On February 18, 2025, Michael K. Madigan filed a Motion to Intervene in this matter. *See* ECF No. 47. Mr. Madigan avers that he is "a litigant in a related legal matter involving judicial misconduct, obstruction of justice, and due process violations within the Northampton Court of Common Pleas." ECF No. 47 at 2. He further alleges that he is "a direct victim of unconstitutional and retaliatory misconduct within the Northampton County Court of Common Pleas—including actions by Plaintiff Tresslar in her capacity as Custody Master." *Id*. Mr. Madigan seeks intervention under Federal Rule of Civil Procedure 24. There are two types of intervention and Mr. Madigan appears to argue that both would allow him entry into this case.

First, there is intervention of right. *See* Fed. R. Civ. P. 24(a)(2) ("On timely motion, the court must permit anyone to intervene who: claims an interest relating to the property or transaction that is

1

the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent their interest."). The proposed intervenor must demonstrate that he has "a significantly protectable legal interest as distinguished from interests of a general and indefinite character. The movant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Aetna Inc. v. Insys Therapeutics, Inc.*, 330 F.R.D. 427, 433 (E.D. Pa. 2019) (quoting *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005)) (cleaned up). Further, "[a]n incidental interest in the outcome of the litigation, such as a mere economic interest, will not suffice to warrant intervention." *Id.*; *see also Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 318 (3d Cir. 1995) ("[T]he interest must be a *legal interest* as distinguished from interests of a general and indefinite character. The [proposed intervenor] must demonstrate that there is a tangible threat to a *legally cognizable interest* to have the right to intervene." (emphasis added)). Here, Mr. Madigan has not demonstrated that he is entitled to intervention as of right. This case is about Plaintiff Tresslar's employment with Defendants and the alleged retaliation that she faced. Mr. Madigan has no legal interest in the outcome of Plaintiff's employment dispute, and his argument regarding his entitlement to discovery in a separate matter does not suffice to provide him with a basis for intervention as of right. *See e.g.*, *Symbiont Sci. Eng'g & Constr., Inc. v. Ground Improvement Servs., Inc.*, Civ. No. 22-4905, 2024 WL 378691, at *7 (D.N.J. Feb. 1, 2024) (rejecting the notion that "general access to information in discovery that might be used in separate litigation is a protectable, direct, and concrete interest sufficient to satisfy Rule 24(a)(2)").

Rule 24 also provides for permissive intervention. That is, "the court may permit anyone to intervene who: has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* at 24(b)(3); *see also Aetna*, 330 F.R.D. at 435 ("Permissive intervention that adds little value to the proceedings and only serves to cause undue delay to original parties is considered to be unwarranted."). The Court declines to allow permissive intervention here. The Court finds it unnecessary to drastically broaden the scope beyond the employment claims at-issue in Plaintiff's case. *See Aetna*, 330 F.R.D. at 435. (declining permissive intervention where proposed intervenor's claims could cause the discovery process to become "extensively delayed as parties closely examine the issue unrelated to this case."). Discovery has been proceeding in this case for months and allowing Mr. Madigan's intervention here could cause undue delay and expense to the parties in litigating the relevant claims. *See Brennan v. Cmty. Bank, N.A.*, 314 F.R.D. 541, 547 (M.D. Pa. 2016) ("Granting intervention in this case will add additional unnecessary complexities that would prolong and delay the resolution of this case."). Moreover, Plaintiff cites in her brief in opposition to Mr. Madigan's Motion that he has had other opportunity to address the issues he seeks to litigate here; she states he has brought similar claims before the Northampton Court of Common Pleas, the Pennsylvania Superior Court, and the Commonwealth Court. *See* ECF No. 52 at 3; *see also Cross Sound Cable Co., LLC v. Long Island Lighting Co.*, 21-CV-2771, 2022 WL 247996, at *5 (E.D.N.Y. Jan. 27, 2022) (declining permissive intervention where proposed intervenor litigated similar claims in state court) (citing cases).

2

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

Plaintiff's employment case is not the proper venue to litigate Mr. Madigan's allegations. This case is about retaliation in the scope of Plaintiff's employment; the Court declines the invitation to drastically expand this limited scope to include tangential matters about Northampton County's custody proceedings. Accordingly, Mr. Madigan's Motion to Intervene is **DENIED**.